In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-1062

KENNETH A. MARSHALL,

*Plaintiff-Appellant,*

*v.*

STANLEY KNIGHT, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03 C 460—**Robert L. Miller, Jr.**, *Chief Judge.*

ARGUED OCTOBER 24, 2005—DECIDED APRIL 26, 2006

Before POSNER, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Kenneth Marshall, an inmate at Indiana's Miami Correctional Facility, alleged in a pro se complaint that the prison's superintendent, along with other unnamed prison employees, unconstitutionally deprived him of access to the courts by impeding his access to the prison law library. Before any of the defendants were served with the complaint, Marshall filed what he captioned a "Petition To Amend Complaint And To Include The Submission Of Exhibits And Affidavits." The district court summarily denied Marshall's petition to amend and later dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). We reverse.

## I.  Background

Marshall submitted his handwritten, pro se complaint to the district court on June 25, 2003. He brought his action pursuant to 42 U.S.C. § 1983, alleging that the superintendent and other prison workers ("to be named through [d]iscovery") had implemented a restrictive prison library policy that had the following consequences:

> Access To the Law Library has been diminished and as of lately non-existent. As a result of [the superintendent's] actions my ability to prepare, transmit, research, and my access to courts is not adequte [sic], also as of lately non-existent. As a Direct-result I proceeded pro-se within Court proceedings on (05/29/03), and because of my inability to prepare I was Denied credit Time that I was entitled to. Also I've currently a Post-Conviction claim within Marion County, Indpls, IN., that due to me being Denied my Constitutional Rights under the First Amendment, Sixth Amendment, Fourteenth Amendment I will be Denied my Right to proceed Pro-Se and my Right to be prepared for redress, so I will probably lose.

On September 3, 2003, Marshall filed his petition to amend with the district court. As of that date, the superintendent had not been served and had not filed any responsive pleading.

Marshall's petition asked the court to appoint him "legal aid"—which we understand as a request for appointed counsel—and specifically asked for leave to make four changes to his initial complaint: (1) to name as defendants prison employees Robert Moore, "Mrs." Reynolds, Chris Johnson, and "Lieutenant" McCoy; (2) to increase his claim for damages from $500 to $10,000; (3) to demand a jury trial; and (4) to attach several exhibits and affidavits. His petition also contained new factual allegations that suggested a claim for retaliation. Marshall alleged that

after he submitted his § 1983 complaint, prison officials removed him from his prison job assignment and placed him on "idle" status with no pay, gave fellow inmates the authority and discretion to charge him fees (payable in money or commissary items) to use the prison library, deprived him of educational and vocational opportunities, denied him a transfer to a minimum security facility (for which he says he is eligible), and placed him in cells with violent offenders. "So I've been retaliated against because of my Civil Rights complaint," Marshall said in his petition to amend.

The district court denied Marshall's petition to amend on November 24, 2003. The court's one-sentence order read: "The court now DENIES the plaintiff's motion to amend his complaint to include exhibits and affidavits (docket #7)." On December 18 the district court dismissed Marshall's initial complaint pursuant to the prisoner litigation screening procedures set forth in 28 U.S.C. § 1915A(b)(1). Relying on *Lewis v. Casey*, 518 U.S. 343 (1996), the district court found Marshall's complaint did not state a viable claim for relief. The court explained its view of *Lewis*, 518 U.S. at 354, as follows:

> the constitution's guarantee of access to the courts requires state actors to assure that prisoners have access to courts to present claims concerning the legality or conditions of their confinement, but . . . state actors have no duty to assure that prisoners can litigate those claims effectively once they have been raised in court. The right to access, goes no further than access.

Because Marshall had not alleged "that he was prevented from filing a complaint or appeal because of his inability to gain access [to] legal assistance," the district court concluded he had not stated a valid claim.

## II. Analysis

We review the district court's decision to dismiss a claim under § 1915A de novo, using the same standards that apply to dismissals for failure to state a claim under Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.* We review a denial of leave to amend a complaint for abuse of discretion. *Barry Aviation, Inc. v. Land O'Lakes Airport*, 377 F.3d 682, 687 (7th Cir. 2004).

## A. Dismissal Under § 1915A

Our notice-pleading system requires complaints to contain a "short and plain statement of the claim" sufficient to notify defendants of the allegations against them and enable them to file an answer. FED. R. CIV. P. 8(a). We have repeatedly stated that Rule 8 does not require plaintiffs to plead facts or legal theories. *E.g.*, *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)). However, as applied to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (citing *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990)). This is because the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or condi-

tions of confinement has this right been infringed.[1] *Lewis*, 518 U.S. at 351, 355 (limiting right of access to the courts to prisoners' ability "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement").

The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions. Requiring the complaint to include the basic allegations of the prejudice suffered serves the traditional purpose of notice pleading: it gives defendants fair notice of the claims against them and a reasonable opportunity to form an answer.

Marshall's initial complaint alleged that the prison superintendent and other unnamed prison employees enforced policies that "diminished" his access to the prison law library to the point of being "non-existent." He then alleged that his lack of library access adversely affected his attempt to challenge the length of his incarceration: "As a Direct-result I proceeded pro-se within Court proceedings on (05/29/03), and because of my inability to prepare I was Denied credit Time that I was entitled to." At the dismissal stage the district court was obligated to accept

---

[1] Supreme Court decisions spanning the past 130 years have grounded the right of access to the courts in several different constitutional provisions, including Article IV's Privileges and Immunities Clause, the First Amendment's Petition Clause, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection and Due Process Clauses. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases).

these allegations as true and to draw all reasonable inferences in favor of Marshall. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Because Marshall was proceeding pro se, the district court was required to liberally construe his complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Applying these lenient pleading standards to Marshall's pro se complaint, we conclude his allegations sufficiently stated a claim for denial of access to the courts. He alleged that the defendants reduced his law library access to a "non-existent" level, and that his inability to research and prepare for a May 29, 2003 court hearing caused him to lose custodial credit time that would have shortened his incarceration. The law requires no more from a prisoner at this stage of the proceeding. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("In order to avoid dismissal . . . [plaintiff] therefore had to allege that he had a non-frivolous legal claim that was frustrated or impeded by [defendant's] failure to assist him in the preparation and filing of meaningful legal papers and that he was harmed by [defendant's] action (or lack thereof)."); *see also Ortloff*, 335 F.3d at 656 (to state an "access-to-courts claim and avoid dismissal . . . a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct").

The district court reached the opposite conclusion based on its reading of the Supreme Court's decision in *Lewis*. In the district court's view, *Lewis* "only requires that an inmate be given access to the courts to file a complaint or appeal, but state actors have no duty to assure that prisoners can litigate those claims effectively once they have been raised in court. The right to access, goes no further than access." We do not agree that *Lewis* confines access-to-courts claims to situations where a prisoner has been unable to file a complaint or an appeal. Indeed, *Lewis* explained that a prisoner could prove a denial of access to the courts by showing that a complaint he

prepared *and filed* "was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis*, 518 U.S. at 351. So a prisoner's simple ability to file a complaint is not dispositive. A prisoner states an access-to-courts claim when he alleges that even though he successfully got into court by filing a complaint or petition challenging his conviction, sentence, or conditions of confinement, his denial of access to legal materials caused a potentially meritorious claim to fail.[2]

The district court was correct, however, that Marshall's complaint was insufficient insofar as he based his claim on speculation that he would suffer some unspecified future harm during his postconviction proceedings in Marion County. In his briefs to this court, Marshall cited no authority permitting an access-to-courts plaintiff to plead prejudice by pointing to some injury he might later incur. There is good reason for this, since the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide "cases" or "controversies." U.S. CONST. art. III, § 2; *see also Lewis*, 518 U.S. at 351 ("Although *Bounds*[3] itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite.").

---

[2] Knight argues that the prison's library access policy did not violate Marshall's constitutional rights in any event because it was "reasonably related to legitimate penological interests." *See Lewis v. Casey*, 518 U.S. 343, 362 (1996). But this is an affirmative defense to be litigated at the summary judgment stage or at trial.

[3] *Bounds v. Smith*, 430 U.S. 817 (1977).

### B. Petition to Amend

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). Even after a responsive pleading has been served, a party may amend its pleading by leave of court, "and leave shall be freely given when justice so requires." *Id.* Here, Marshall filed his petition to amend before the superintendent had served an answer, so under Rule 15(a) he had a right to amend his complaint "as a matter of course." The district court's summary denial of Marshall's request to amend was thus contrary to Rule 15(a). *Matter of Crosswhite*, 148 F.3d 879, 889 (7th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

Marshall's petition to amend did not comply with the district court's local rule requiring plaintiffs to attach a copy of the proposed amended complaint to a motion to amend. N.D. IND. L.R. 15.1. But even that local rule states that "failure to comply with this rule is not grounds for denial of the motion." *Id. See also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim. . . . [I]t is incumbent on [the court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds.") (footnote omitted).

We conclude, then, that Marshall should have been permitted to amend his complaint to identify previously unnamed defendants,[4] to make a jury demand,[5] and to increase his damages claim to $10,000.[6] He should also have been allowed to add a retaliation claim based on his allegations about the adverse treatment he encountered after filing his original civil rights complaint. FED. R. CIV. P. 15(a, d) (amendment as of right and supplemental pleading to include events that occurred after the original complaint was filed); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (quoting *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (" 'To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred.' ") (citations and internal quotation marks omitted)). Marshall's allegations that almost immediately after he filed his complaint the defendants placed him on "idle" status with no pay, authorized other inmates to charge him fees for library access, deprived him of educational and vocational opportunities, denied him a transfer to a minimum security facility, and placed him with violent cell mates, certainly amount to a chronology from which retaliation may be inferred.[7] *Id.*

---

[4] *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556-57 (7th Cir. 1996) ("refusal to allow a *pro se* plaintiff to amend a complaint so as to name the appropriate defendants has been widely recognized as an abuse of the district court's discretion").

[5] FED. R. CIV. P. 38(b) (permitting jury demand made not later than ten days after *service* of pleading). Marshall's motion to amend was denied and his complaint dismissed before service.

[6] Permitting an increased damages demand at this very early stage of the litigation will not unfairly prejudice the defendants.

[7] We leave to the district court's discretion on remand whether to grant Marshall's requests for appointed counsel and to attach exhibits and affidavits to his complaint. The district court

(continued...)

For the foregoing reasons, the judgment of the district court is REVERSED AND REMANDED for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[7] (...continued)
is also free to require Marshall to file an amended complaint that incorporates the changes we have deemed permissible in this opinion. This could clarify the issues involved and simplify the defendants' task of filing an answer by allowing them to respond to a single pleading.

---