**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 25, 2006[*]
Decided June 9, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4737

| | |
|---|---|
| DAVID J. CLARK, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 04-C-1031 |
| CAROLYN JOHNSON, et al., | |
| *Defendants-Appellees.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

David Clark, a Wisconsin prisoner, brought suit under 42 U.S.C. § 1983 claiming that prison employees violated the Eighth Amendment by failing to protect him from a cellmate who broke Clark's arm in a fight Clark started. The district court, characterizing Clark's theory as "absurd," granted summary judgment for the defendants. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Clark had a history of discord with cellmates at Racine Correctional Institution and told prison officials that a "mental disability" caused by a brain contusion in 1988 left him vulnerable to insults and threats from other inmates. In 2004 he asked to be moved from Dane Unit to Dodge Unit, which houses inmates with significant mental-health or medical problems. A prison psychologist and psychiatrist evaluated Clark and concluded that he showed no symptoms of emotional or mental distress, demonstrated little to no functional impairment, and possessed above-average intelligence. Based on these findings and Clark's history of committing sex offenses, the prison's mental-health staff determined that Dodge Unit was not an appropriate placement for him and that he might pose a threat to the inmates there. Accordingly, the prison denied his request for a transfer. Shortly thereafter, Clark threw a book at Warren Lily, his cellmate at the time, after a verbal exchange. In response Lily pulled Clark off the top bunk bed and broke his arm.

Clark claimed that the security director at Racine, the manager of Dane Unit, and the prison psychologist all failed to protect him from Lily. The district court reasoned, however, that Clark could not blame the defendants for a fight he started, and that, regardless, he presented no evidence that any defendant knew Lily to be a threat. We review the district court's decision de novo, construing all facts and drawing all reasonable inferences in favor of Clark as the non-moving party. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Summary judgment is appropriate if the moving party demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

To prevail on an Eighth Amendment claim for failure to protect, an inmate must prove that he faced a substantial risk of serious harm that the defendants knew about and deliberately ignored. *See Farmer v. Brennan*, 511 U.S. 825, 833–38 (1994); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Clark argues that his "mental disability" made him particularly vulnerable to abuse by other inmates, and that the defendants disregarded this risk by refusing to transfer him to Dodge Unit. Clark is under the misapprehension that his behavior is justified because his cellmate verbally "provoked" him. But the risk to Clark was of his own making, and prison officials cannot reasonably be required to protect an inmate who intentionally instigates a violent altercation with another prisoner. Clark's violent conduct was not beyond his control; as the district court noted, Clark presented no evidence contradicting the prison medical staff's conclusion that he displayed no sign of mental illness or disability before this incident. Summary judgment was properly granted in favor of the defendants.

In connection with this appeal, Clark has filed what we construe as a motion alleging that officials at the Wisconsin Resource Center, where he is now detained

pending a civil commitment, have removed from the law library CD-ROMs containing decisions from this court and the district courts. Clark seeks an order directing the superintendent to reinstate access to these decisions. The assistant attorney general who represents the defendants concedes that the CD-ROMs identified by Clark have been removed from the law library, yet counsel offers no information concerning whether or how inmates can obtain the previously available federal decisions if needed. Instead, counsel simply represents that she provided Clark with copies of all cases cited in the defendants' appellate brief.

We are trouble by this response. Prison officials have an affirmative duty to provide inmates with meaningful, but not unconditional, access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821, 825 (1977); *Caldwell v. Miller*, 790 F.2d 589, 606 (7th Cir. 1986). To ensure meaningful access, prison officials must provide prisoners with adequate law libraries or legal assistance. *See Bounds*, 430 U.S. at 828. But the withholding of legal materials from inmates will not violate the right of access to the courts unless it prejudices a potentially meritorious legal challenge. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Although the removal of the CD-ROMs from the law library at the Wisconsin Resource Center appears likely to invite serious constitutional claims in the future, Clark has not demonstrated that he was prejudiced by lack of access to those materials.

Accordingly, Clark's motion is DENIED and the judgment of the district court is AFFIRMED.