UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided June 14, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2402

| | |
|---|---|
| ANTHONY T. BLUE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 05-C-259 |
| RONALD K. MALONE, et al., *Defendants-Appellees.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Wisconsin inmate Anthony Blue filed suit under 42 U.S.C. § 1983, claiming that prison medical staff were deliberately indifferent to his medical needs. The district court screened the complaint under 28 U.S.C. § 1915A, and dismissed his claims. We affirm.

---

[*] The appellees have notified this court that they will not file a brief in this appeal due to lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

We accept the allegations in Blue's complaint as true and construe them in the light most favorable to him. *See Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). Upon his arrival at the Milwaukee County Jail, he reported to a nurse that he suffered from "high blood pressure, bad liver . . . as well as arthritis, and a bad hygenies [sic.] problem, with stomach pain, from the bad liver, 'HEP. C!'" But while there, he "never got 'any' medical help what-so ever." Within a month he was transferred to the Milwaukee County House of Corrections (HOC), and reported to nursing staff there that he had "high blood pressure, bad liver, and . . . back problems." A few days later he was seen by their medical staff because he complained that he was "seeing little lights" and had a "bad headache." His blood pressure was "around or about" 170 over 110. Nurses provided Blue with medication for his blood pressure and Zantac for his stomach problems. Nevertheless, he complained that the prison medical staff "cause me harm" and "refuse me the medical help needed," and he asked the district court to allow him to "get my liver meds."

The district court dismissed his complaint, concluding that Blue's allegations did not state a claim under the Eighth Amendment. The court noted that Blue had been "seen and treated" by HOC medical staff on "multiple occasions." The court added that Blue's allegations expressing dissatisfaction with his treatment did not state a cognizable claim of deliberate indifference.

On appeal Blue generally restates the allegations in his complaint that the prison's medical service providers were deliberately indifferent to "his serious medical needs."

To state an Eighth Amendment violation based on the denial of proper medical treatment, Blue must allege that he had an objectively serious medical need, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and that the defendants ignored that need, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). Deliberate indifference occurs when a prison official consciously disregards a known risk to the health or safety of an inmate. *Palmer v. Marion Co.*, 327 F.3d 588, 593 (7th Cir. 2003). Our review is de novo. *Marshall v. Knight*, No. 04-1062, 2006 WL 1084267, *2 (7th Cir. Apr. 26, 2006). We will affirm the district court's dismissal if it appears beyond a doubt that Blue can prove no set of facts that would entitle him to relief. *Id.*

We agree with the district court that Blue failed to state a claim for an Eighth Amendment violation. First Blue pleaded himself out of court by alleging that his high blood pressure and stomach aches were treated by the prison nurses. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). And although Blue alleged that he informed the medical staff at the Milwaukee County Jail and the

HOC of his hepatitis C and liver condition, he did not allege that medical staff ignored this condition. Blue's complaint thus falls short of federal notice pleading rules, which require the plaintiff to allege enough to put the defendants on notice of the claim and enable them to respond. *See McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005). Further, his generally-worded brief on appeal does not develop any argument related to the denial of medication for either hepatitis C or a bad liver.

AFFIRMED.