**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2008[*]
Decided January 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1685

| | |
|---|---|
| KAIRDIN ALNOUBANI, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 07-cv-662-bbc |
| FEDERAL BUREAU OF PRISONS, <br> *Defendant-Appellee*. | Barbara B. Crabb, <br> *Chief Judge*. |

**O R D E R**

Kairdin Alnoubani brought suit in district court claiming that he is eligible for early release from prison. Congress has granted the Bureau of Prisons discretion to reduce the

---

[*]Because the defendant was not served with process in the district court, the appeal has been submitted without the filing of appellee's brief. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(A)(2).

sentences of inmates who complete a substance abuse treatment program, so long as they are not serving time for violent offenses. *See* 18 U.S.C. § 3621(e)(2)(B). Using that discretion, the BOP has expanded by regulation the class of prisoners excluded from the sentence-reduction program. *See* 28 C.F.R. § 550.58. Alnoubani now challenges the BOP's application of that regulation.

Alnoubani was convicted of conspiring to import pseudoephedrine and sentenced to 84 months in prison. While incarcerated, he completed a residential drug abuse treatment program created under 18 U.S.C. § 3621. After he finished the program, however, the prison warden concluded that he was ineligible to have his sentence reduced because he fell into one of the categories excepted by the BOP's regulation, that of offenders previously convicted for aggravated assault. *See* 28 C.F.R. § 550.58(a)(iv). Alnoubani appealed that decision administratively, and finally filed this action pro se in federal court.

In his complaint, Alnoubani stated that the BOP's regulation interpreting § 3621 was unlawful for two reasons. He first alleged that the BOP "violated his right to equal protection of the laws" by denying him early release but granting it to prisoners just like him. Alnoubani also claimed that the BOP's denial of early release was "contrary to law; arbitrary and capricious; an abuse of discretion."

Initially, the district court reviewed the complaint and concluded that Alnoubani had potentially stated two claims under the Administrative Procedure Act, which authorizes federal courts to set aside agency actions that are either unconstitutional, *see* 5 U.S.C. § 706(2)(B), or are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *see id.* § 706(2)(A). However, the court observed that Alnoubani's case was not ripe because he had not supplied proof of final agency action, *see id.* § 704; 28 C.F.R. § 542.10, and therefore granted him additional time to submit that proof.

Once Alnoubani provided the required documents, the district court screened his complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. The court focused primarily on his equal-protection claim, concluding that because Alnoubani had not alleged that he was a member of a protected class or stated any facts that might "overcome the presumption of rationality that applies to government classifications," he had not stated an equal-protection claim. The court did not, however, make any formal finding on Alnoubani's second claim, that the BOP's denial of early release was arbitrary and capricious.

We review a dismissal under § 1915A de novo, applying the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Dismissal is appropriate only when the plaintiff can prove no set of

facts that would entitle him to relief. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). All a plaintiff must do to survive dismissal at this stage is to provide a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8; *see also Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Pro se complaints are liberally construed and need not meet the more exacting standards applied to pleadings prepared by lawyers. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006).

On appeal, Alnoubani first challenges the dismissal of his equal-protection claim. That can be disposed of briefly. The district court correctly concluded that, in order to survive dismissal for failure to state an equal-protection claim, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 639 (7th Cir. 2007) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)). Alnoubani does not even attempt to argue that the BOP's regulation is not rationally related to some government purpose. *See id.* The district court therefore properly dismissed his equal-protection claim.

Alnoubani also argues, however, that the district court ignored his claim that the BOP was "arbitrary and capricious" in relying on 28 C.F.R, § 550.58(a)(iv) to deny him early release. Alnoubani sharpens the point in his brief on appeal, clarifying that "the BOP never articulated a reasonable basis for its decision to deny [him] a sentence reduction." This claim closely tracks section 706(2)(A) of the APA, which requires that agencies provide a rationale when they exercise their discretion. *See Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 799-800 (7th Cir. 2006); *see also United States v. Sawyer*, 521 F.3d 792, 794-95 (7th Cir. 2008) (suggesting that a claim under the APA may be an appropriate method for appealing the BOP's administration of a prison program). As Alnoubani notes, it is a claim that the Ninth Circuit recently found persuasive. In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), that court held that 28 C.F.R. § 550.58—the same provision under which the BOP denied Alnoubani early release—is arbitrary and capricious because the BOP did not offer any rationale for categorically excluding from the early-release program inmates with convictions involving firearms. *Id.* at 1111-13. As in *Arrington*, the administrative record here reflects no rationale for denying Alnoubani early release aside from the BOP's reliance on the regulation and a "program statement" interpreting it. *Id.* at 1112-13.

The district court, to the extent it considered the issue, seemed to think the APA claim barred by *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001), in which the Supreme Court endorsed the BOP's discretion to narrow the class of prisoners eligible for early release under § 3621. However, the court did not acknowledge *Lopez*'s proviso that regulations promulgated by the BOP in its discretion must not be arbitrary or capricious. *See Lopez*, 531 U.S. at 240. Nor did the court note the APA's requirement that agencies articulate a

rationale when they exercise their discretion. *See Black,* 459 F.3d at 799-800. *Lopez* does not, therefore, bar Alnoubani's APA claim.

Alnoubani's complaint, construed liberally, alleges that the BOP has failed to provide any reason for excluding from the early-release program offenders previously convicted of aggravated assault. This is enough to put the BOP on notice of his claim, which is all that Rule 8 requires. *See Christensen v. County of Boone,* 483 F.3d 454, 458 (7th Cir. 2007). We take no position on the merits of the question taken up by the Ninth Circuit in *Arrington*, but conclude that it was premature for the district court to dismiss this claim. The district court's dismissal of Alnoubani's equal-protection claim is affirmed, and its dismissal of his APA claim is vacated and remanded for further proceedings.

AFFIRM in part, VACATE and REMAND in part.