**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009[*]
Decided January 26, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2734

| | |
|---|---|
| GLENN KEITH SNEAD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>UNKNOWN NUMBER OF UNITED STATES BUREAU OF PRISONS CORRECTIONAL OFFICERS AND OTHER STAFF OF THE UNITED STATES PENITENTIARY, TERRE HAUTE, INDIANA,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:08-cv-123-LJM-JMS<br><br>Larry J. McKinney,<br>*Judge*. |

---

[*]Because this case was dismissed on preliminary screening before service, the defendants are not participating in this appeal. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Glenn Snead, a federal inmate previously housed at the Federal Correctional Complex in Terre Haute, Indiana, filed a pro se *Bivens* complaint, alleging that federal officers were deliberately indifferent to his safety when they failed to intervene in an attack upon him by another inmate. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court screened Snead's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. We vacate and remand.

Snead's complaint alleges the following facts. Snead was in the inmate dining hall, proceeding through the food line, when he approached another inmate, John Boyd, who was serving bread behind a counter. When Boyd served him wet bread Snead complained and asked for dry bread, but Boyd refused. Snead then "tossed the bread back on the counter" and turned to leave. As Snead was walking away, Boyd leaped over the counter, approached him from behind, put him in a headlock, and threw him to the ground. Boyd then straddled Snead's prone body, "pummel[ing]" him with his fists until he was beaten unconscious—"all while in the presence of several Bureau of Prisons staff members who are usually present during mealtime to keep order in the area." Snead was taken to the emergency room of a local hospital where (according to the medical report appended to his complaint) he was treated for fractures to his jawbone and eye socket, bruises and swelling around the right eye, a large hematoma over the eyelid, and a laceration over the right ear. The injuries he suffered, Snead alleges, resulted from "deliberate indifference on the part of the defendants in not having intervene[d] timely to prevent the assault, or to have minimized the beatings."

The district court found "no plausible basis" in the complaint to support the necessary elements of an Eighth Amendment claim under *Farmer v. Brennan*, 511 U.S. 825 (1994), for failure to protect an inmate from violence. The court found that Snead failed to allege a "sufficiently culpable state of mind . . . as to any individual" that would constitute deliberate indifference. Furthermore, the court stated, Snead could not allege an objectively serious risk of harm because Snead himself had instigated the fight. Relying on an incident report that Snead had also appended to his complaint, the court explained that Snead provoked Boyd's violent response by throwing the wet bread at Boyd.

On appeal Snead contends that his complaint adequately alleged that the defendants were deliberately indifferent in failing to protect him, and that his tossing of wet bread onto the counter does not negate his claim.

We agree that Snead's complaint states a claim. His complaint need only provide enough detail to give the defendants fair notice of the nature of the claim and the grounds

upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1974 (2007); *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008); *see* FED. R. CIV. P. 8. Here Snead alleged that prison staff watched the attack, but nonetheless stood by while Boyd violently threw him to the ground and beat him unconscious. The district court concluded that the complaint did not allege a culpable state of mind, but the "paradigm case of deliberate indifference" is one in which an officer witnesses an inmate assault but fails to intervene. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Haley v. Gross*, 86 F.3d 630, 642 (7th Cir. 1996).

The district court also reasoned that Snead could not state a claim because he may have provoked Boyd by throwing the bread at him. But Snead alleged only tossing the bread back onto the counter, and at the pleading stage we take this allegation as true and view it in the light most favorable to him, *see Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005); *see also Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (pro se plaintiff's complaint is to be liberally construed). And even if the bread-tossing was the reason for Boyd's attack, prison guards were not free to watch it play out. Regardless of how an inmate assault begins, prison officers must take reasonable steps to protect inmates from violence inflicted by one another. *See Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, . . . the government and its officials are not free to let the state of nature take its course.")(quotation marks and citation omitted); *Guzman v. Sheahan*, 495 F.3d 852, 856-57 (7th Cir. 2007); *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005). Accordingly, Snead's complaint contains all that needs to be alleged to state an Eighth Amendment claim of deliberate indifference.

For the foregoing reasons, we VACATE the dismissal and REMAND for further proceedings. The parties shall bear their own costs of this appeal.