NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2009[*]
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3956

| | |
|---|---|
| JOSHUA HOWARD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-C-500 |
| | |
| NEVIN WEBSTER and AMY REID, | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Chief Judge*. |

---

[*] The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Joshua Howard, an inmate at the Waupun Correctional Institution in Wisconsin, brought a pro se complaint against Nevin Webster, the prison librarian, and Amy Reid, the prison education director, claiming that they unconstitutionally deprived him of access to the courts. *See* 42 U.S.C. § 1983. The district court dismissed the claim at initial screening, *see* 28 U.S.C. § 1915A, and Howard appeals. We affirm the judgment.

Because the district court reasoned that Howard's suit fails to state a claim, we accept as true the facts alleged in the complaint. *See Bridges v. Gilbert*, 557 F.3d 541, 544 (2009). In July 2006 the Wisconsin Supreme Court denied Howard's petition to review the state appellate court's dismissal of his direct criminal appeal, triggering a 90-day deadline to petition the Supreme Court of the United States for a writ of certiorari. Between September 11 and October 13, Howard used the law library for two hours each day to research his case and prepare the petition. He saved his draft on a computer disk that he kept in the library. But then on October 16, Webster closed the library for ten days without notifying Howard in advance. Howard, having no access to his work product, did not file his petition by the October 23 deadline.

More than two years later, in August 2008, Howard sued Webster and Reid, claiming that they violated his right of access to the courts by closing the law library without prior notice. The district court, in dismissing the complaint, reasoned that the library closing could not have thwarted Howard's petition to the Supreme Court because he could have drafted a "petition outlining his claims and arguments with a pen and paper." The court added, moreover, that Howard's complaint does not include any allegation that his unfiled petition for a writ of certiorari would have been meritorious. Howard responded to the dismissal by moving to amend his complaint; the district court construed that motion to include a request for reconsideration under Federal Rule of Civil Procedure 59(e) and denied it.

In this court Howard argues that the district court erred by demanding more from his complaint than required under the federal regimen of notice pleading. We review the court's decision de novo. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Bridges*, 557 F.3d at 545. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges*, 557 F.3d at 553; *Marshall*, 445 F.3d at 968. The prisoner, therefore, must spell out in

his complaint the connection between the alleged denial of access to the courts and the actual, nonfrivolous injury. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002); *Ortiz*, 561 F.3d at 671.

Howard has not stated a claim for denial of access. He had almost three months to prepare his petition, and for an entire month before the law library closed he was making unimpeded daily visits. He does not allege that Webster's decision to temporarily close the library impeded his ability to continue working on his petition, nor does he dispute the district court's statement that he could have put pen to paper after the library closure and filed a timely petition. At best he alleges that his work was on a disk that he left in the library, but at no time has he suggested that he sought assistance in getting access to that disk after the library closed without notice. Indeed, Howard does not even allege that these defendants or anyone else at the prison knew that his disk was locked in the library or that his petition had not been finished before the library closed. Maybe Webster should have thought to inquire, but her failure to do so was, at most, an isolated negligent act, which, absent Howard inquiring into the closure or demanding that his work product be returned, is not actionable under § 1983. *See Lewis*, 518 U.S. at 350; *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

In any event, even assuming that the defendants engaged in actionable conduct, Howard has not identified the underlying criminal case or any of the information concerning the potential grounds he wished to raise in his petition for a writ of certiorari, thus making it impossible for the district court or this court to evaluate whether his underlying claim would have raised a nonfrivolous issue. *See, e.g.*, *Harbury*, 536 U.S. at 416 (explaining that the "predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."); *Lewis*, 518 U.S. at 351-52.

Accordingly, the judgment of the district court is **AFFIRMED**.