NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 14, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-3981 | |
| | Appeal from the |
| TYRONE D. SMITH, | United States District Court |
|     *Plaintiff-Appellant,* | for the Eastern District of Wisconsin. |
| | |
|     *v.* | No. 07-CV-823 |
| | |
| JOHN HUSZ, Warden, et al., | Aaron E. Goodstein, |
|     *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Tyrone Smith, an inmate at the Milwaukee Secure Detention Facility, claimed that prison officials denied him access to the courts when they lost a petition he wanted to file in state court and then retaliated against him when he tried to file it. *See* 42 U.S.C. § 1983. The district court granted summary judgment against him and we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)-(3).

Smith's § 1983 suit against prison staff alleged that they denied him access to the courts by, among other things, negligently losing a petition for a writ of certiorari he wanted to file in state court in order to challenge the revocation of his supervised release. Smith alleged that he placed his petition in the prison mail, through which it would be routed first to the prison's business office (so that necessary documentation could be obtained to verify his indigent status). From there it was to be forwarded to the prison's mailroom and then sent on to the state court. Less than a month later, however, Smith received a letter from the court stating that documents relating to his petition had been received, but not the petition itself. That discovery led Smith to file an offender complaint with the prison. The complaint was handled by an inmate complaint examiner who investigated the matter and concluded that Smith's petition was never sent because it was lost at some point between the business office and the mailroom. Smith was able to obtain an extension of time from the state court and he eventually filed his petition.

His federal complaint, however, was screened under 28 U.S.C. § 1915A(c) by the district judge. The judge dismissed Smith's claims of lost mail and denial of access to the courts, construing these claims generally as one of negligence, which was not actionable under 42 U.S.C. § 1983. *Smith v. Husz*, No. 07-C-823, 2007 WL 4560598, at *4 (E.D. Wis. Dec. 19, 2007). In reference to Smith's allegation of denial of access to courts, the judge noted that Smith had not alleged that the delay prejudiced his petition in any way. *Id.* But the judge did find that one of Smith's accompanying submissions, a motion to amend the complaint, stated a potential claim for retaliation; the judge invited him to amend his complaint accordingly. Smith did so and amended his complaint to allege that the prison staff retaliated—or conspired to retaliate—against him for trying to file his state petition. Although he did not elaborate on the underlying basis for the retaliation, he alleged that a "unit manager" refused to notarize a document pertaining to his petition; that his petition was intentionally held up for 8 months among the mailroom officers, the business office's supervisor, and a business-office specialist; and that the prison warden and the Secretary of Wisconsin's Department of Corrections denied internal complaints he had filed over the matter.

After further proceedings, a magistrate judge, presiding with the parties' consent, *see* 28 U.S.C. § 636(c), granted the defendants' motion for summary judgment. The judge first concluded that certain defendants had no personal involvement in the alleged retaliation: The business office supervisor did not personally process Smith's mail requests, and the Secretary and the warden had no personal involvement beyond their limited roles in the grievance process. *Smith v. Husz*, No. 07-CV-823, 2009 WL 2568209, at *9 (E.D. Wis. Aug. 14, 2009). Regarding the remaining prison staff, the magistrate judge concluded that the plaintiff failed to show that these defendants acted with a retaliatory motive; the judge

noted for instance that the mailroom officers lacked knowledge of the petition and that the prison staff followed standard prison operating procedures in denying his notary request. *Id.* at *10-*11.

On appeal Smith first argues that the district judge erred when he screened the complaint and concluded, in regard to the access-to-court claim, that Smith was not prejudiced by the 8-month delay in the filing of his state petition. His argument is difficult to follow, but he seems to suggest that he was not required to show prejudice or any actual injury to his petition. But the right of access to the courts is violated only when a prisoner is denied access and suffers actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). And Smith alleged no actual injury. He was required to allege how the delay prejudiced his ability to pursue a legitimate challenge to a conviction or sentence, *see Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006), and this he did not do.

Smith also takes issue with the magistrate judge's grant of summary judgment on his retaliation claim. We understand Smith to argue that the magistrate judge erred when he granted summary judgment for the warden, Secretary, and business-office supervisor because no evidence showed that they were personally involved. Smith suggests that he did not have to show personal involvement because the prison was responsible for his mail and that this responsibility—by extension—accrued to the prison's employees. But § 1983 does not allow actions against persons merely because of their supervisory roles, *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003), and Smith has not otherwise shown that these defendants were personally involved in any retaliation against him. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010); *Sides v. City of Champaign*, 496 F.3d 820, 827 (7th Cir. 2007).

Last, Smith argues that the magistrate judge erroneously required him to support his retaliation claim by showing that the defendants acted with a retaliatory motive. But to establish a prima facie case for retaliation, Smith had to show that the filing of his petition was at least a motivating factor behind the retaliatory action. *See, e.g., Bridges*, 557 F.3d at 546; *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 357 (7th Cir. 2005). He did not do so. Nor does he contest the defendants' denial of harboring retaliatory motive; he points to no evidence to dispute the defendants' assertions that they were unaware of his petition or that they were adhering to standard prison operating procedures.

AFFIRMED.