**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6793**

DUANE L. FOX, a/k/a Jennifer Ann Jasmaine,

Plaintiff - Appellant,

v.

NORTH CAROLINA PRISON LEGAL SERVICES,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:18-cv-00314-FDW)

Submitted: October 31, 2018                          Decided: December 4, 2018

Before NIEMEYER and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Duane Leroy Fox, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Leroy Fox appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) action under 28 U.S.C. § 1915(e)(2)(B)(ii) (2012). In his complaint, Fox alleged that North Carolina Prison Legal Services ("NCPLS") denied him meaningful access to the courts by failing to conduct legal research on his behalf. For the reasons that follow, we vacate the court's order and remand for further proceedings.

"The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). Accordingly, we review de novo a dismissal under § 1915(e)(2)(B)(ii), accepting as true all well-pleaded facts. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To state a violation of this right, an inmate must assert "that the alleged shortcomings in the library

2

or legal assistance program hindered his efforts to pursue a legal claim," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), relating to his criminal judgment or to the conditions of his confinement, *id.* at 354-55.

Fox alleged that North Carolina replaced the law library at his correctional institution with NCPLS but that NCPLS refused to look up cases cited by the defendants named in one of Fox's other civil actions,[1] thus impairing his ability to formulate adequate responses to the defendants' filings. The district court dismissed the complaint because Fox had capably filed other complaints while incarcerated. However, "a prisoner's simple ability to file a complaint is not dispositive" of an access-to-courts claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). The court also dismissed the action because NCPLS was not required to accept representation in every prisoner case. Fox, however, did not allege that NCPLS declined to represent him or to prosecute his civil action; rather, Fox claimed that NCPLS refused to carry out the type of legal research that he would have been able to conduct had he had access to a law library.

Based on our review of the record, we conclude that the district court did not adequately justify its dismissal of Fox's complaint. We note that the court did not consider whether NCPLS was a state actor for purposes of § 1983 liability, *see Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 340–49 (4th Cir. 2000), whether Fox adequately identified a nonfrivolous underlying claim, *see Christopher v. Harbury*, 536

---

[1] Fox has filed several civil complaints concerning the conditions of his confinement, but he did not specifically identify which complaint was prejudiced by NCPLS's alleged shortcomings.

3

U.S. 403, 413–16 (2002), or whether the complaint failed for any other reason. At this juncture, we decline to reach these questions, instead leaving them for the district court to address in the first instance.

Accordingly, we vacate the district court's order and remand for further proceedings. We deny Fox's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*