**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 4, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3074

| | |
|---|---|
| MICHAEL MORRIS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 15-cv-712-wmc |
| TAMMY DICKMAN and<br>DIANE FREMGEN,<br>    *Defendants-Appellees*. | William M. Conley,<br>*Judge*. |

**O R D E R**

Michael Morris, a Wisconsin inmate, sued a Wisconsin clerk of court and two other state officials under 42 U.S.C. § 1983, alleging that they violated the First Amendment by denying him access to the courts to litigate several petitions for writs of mandamus. The district court dismissed one defendant at screening and later granted

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the remaining defendants' motion to dismiss. We affirm the judgment because Morris fails to allege that any defendant prevented him from litigating meritorious petitions.

This case arose after Morris lost his bids on petitions for writs of mandamus that he filed with Wisconsin's courts. Morris principally blames one state employee—Diane Fremgen (the Clerk of Court for Wisconsin's appellate and supreme court)—for several losses. On review of his dismissed complaint, we accept his factual allegations as true. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The first loss was Morris's unsuccessful petition for a writ of mandamus in state appellate court in 2013. Morris's petition asserted that Fremgen's office removed documents from his criminal-appeal file and prevented him from filing documents in his case. In docketing his petition, Fremgen allegedly made two mistakes. The first involves the caption of the petition. It listed a judge (who had previously prosecuted Morris) as the sole defendant, though the petition's contents targeted Fremgen and a deputy clerk. Morris asked Fremgen to change the caption, but she did not. The second error occurred after Morris submitted a "motion for discovery" under his petition's case number. Fremgen did not record a separate docket entry for the motion, which Morris admits had nothing to do with his petition. Later, the state appellate court denied Morris's petition on the merits. It explained that, after considering the "numerous other documents in support of the petition," it was unclear what relief Morris sought—"much less what plain legal duty he believes was violated, and by what official."

The second litigation loss involved a case that Morris filed in the Wisconsin Supreme Court. After Morris lost his petition for mandamus in the appellate court, he filed an action in the state supreme court, using the same case number as the denied petition. Though Morris intended the new petition to invoke that court's original jurisdiction, Fremgen's office docketed the request as a "petition for review." Morris told Fremgen that he was *not* seeking review of the appellate court's decision, but wanted to commence an original action. Fremgen did not re-docket the case. The state supreme court considered the petition and denied it on the merits.

The third loss concerns other petitions for writs of mandamus that Morris filed in state appellate court while his first petition was pending. These petitions restated the allegations of his first petition and asked the court of appeals to address his "motion for discovery." Concerned that Fremgen had not docketed these properly, Morris wrote to the Chief Justice of the Wisconsin Supreme Court. The Justice forwarded the letter to Fremgen, who responded that his documents had been either reviewed by the court of

appeals, construed as part of his petition for review to the supreme court, or were docketed without further action because they were filed after his case had been closed.

Morris accuses two other state employees of impeding his access to the courts. He faults David Rice, the assistant attorney general who was counsel for the state in Morris's petitions, for failing to ensure that his documents were docketed. He also alleges that Tammy Dickman, who works where Morris is imprisoned, failed to mail his petitions.

The district court dismissed Morris's suit in two phases. After screening his amended complaint, the court dismissed the claims against Rice, reasoning that "Rice had no duty to ensure [Morris's] filings were made." Fremgen and Dickman later moved to dismiss the suit. Morris opposed the motion to dismiss and asked the court to recruit counsel for him. *See* 28 U.S.C. § 1915(e)(1). He argued that, although he was "capable" of doing "his own legal research" and could "prepare his own motions and [understood] the processes," he needed counsel to file his documents with the court. The court denied Morris's request. It also ruled that the Eleventh Amendment barred Morris's claims against the defendants in their official capacities, the complaint failed to state an access-to-court claim against them personally, and the defendants were entitled to qualified immunity. (On appeal Morris does not challenge the dismissal of his claims against Dickman, so we say nothing further about her.)

Turning to Morris's appeal, we first determine that the district court properly dismissed Rice at screening. Morris does not accuse Rice of preventing him from filing documents; rather, he alleges only that Rice did not rectify the alleged errors of others. But a state employee who has not created a danger or limited a plaintiff's ability to help himself has no constitutional duty to aid the plaintiff. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). And Morris identifies no other duty that Rice, as a lawyer for the state, owed Morris as he litigated against Rice's client.

The district court also correctly dismissed Morris's official-capacity claim against Fremgen. This is effectively a claim for damages against the state and thus it is not permitted under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state official acting in her official capacity is not a suable "person" under § 1983; *see also Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779–80 (2000) (courts must decide statutory issues before Eleventh Amendment issues).

Morris's personal-capacity claim against Fremgen also fails. To state an access-to-courts claim, a prisoner must allege that the defendant rendered the plaintiff

unable "to pursue a legitimate" claim. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Morris fails to state a claim with respect to his first petition for a writ of mandamus. He alleges that Fremgen failed to change the petition's caption to reflect that Morris was targeting Fremgen and her deputy, but this omission did not prevent Morris from litigating his claims in court. The petition's *contents* alleged that Fremgen and the deputy clerk committed wrongs, the state court considered all of Morris's "numerous" documents, and it ruled that these documents presented no basis for relief against anyone. Thus, Fremgen did not impede Morris's access to the court. The same is true of Morris's allegation that Fremgen misdocketed his petition for original jurisdiction in the state supreme court as a petition for review. Regardless of the docketing label, the high court assessed the petition's contents and ruled on it. So again, Fremgen did not block Morris from court.

Morris's contentions that Fremgen did not properly docket other documents that he filed also fail to state an access-to-courts claim. Morris first argues that Fremgen impeded his attempts to litigate his petitions because she never separately docketed his "motion for discovery." Yet Morris has not alleged, with respect to his petitions, that his motion presented a "potentially meritorious challenge." *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To the contrary, he admits that the motion had nothing to do with his petitions. Thus, once again Morris's own acknowledgments defeat his claim that misdocketing harmed his petitions. Moreover, as mentioned above, in denying his first petition, the appellate court said that it considered Morris's "numerous other documents." So the court's review of his submissions, no matter how Fremgen docketed them, would have included the motion. Likewise, Fremgen's alleged errors in misdocketing Morris's other petitions also do not support a claim. These petitions merely reasserted the claims in Morris's first petition, which the state court had already considered and rejected, or they asked the court to address his irrelevant "motion for discovery." Thus, the errors did not harm Morris's ability to litigate meritorious claims. *See Eichwedel v. Chandler*, 696 F.3d 660, 673 (7th Cir. 2012) (access-to-court claim failed where prisoner did not identify "any nonfrivolous, arguable underlying claim" he was prevented from bringing) (internal quotation marks omitted).

Finally, we do not disturb the district court's denial of Morris's motion for recruitment of counsel because Morris cannot demonstrate prejudice—i.e., a reasonable likelihood that counsel would have made a difference in the case's outcome. *See Pruitt v. Mote*, 503 F.3d 647, 659–60 (7th Cir. 2007) (en banc). Morris wanted an attorney to help file his documents with the district court and to obtain copies of his state-court filings. But the district court accepted all documents that Morris submitted, and (as he admits)

Morris was able to explain in his pleadings the contents of his state-court documents. *See Tidwell v. Hicks*, 791 F.3d 704, 709 (7th Cir. 2015). Thus, Morris cannot identify what a lawyer could have done to salvage any of his legally deficient claims.

We have considered Morris's remaining arguments, and none has merit.

AFFIRMED