**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 10, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1642

| | |
|---|---|
| BRUCE McCREE, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 09-cv-601-DRH |
| W.A. SHERROD, <br> *Defendant-Appellee.* | David R. Herndon, <br> *Chief Judge*. |

**O R D E R**

Bruce McCree, a federal prisoner housed at the Federal Correctional Institution in Greenville, Illinois, filed a pro se *Bivens* action that named Greenville's warden as its sole defendant. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). His complaint alleged that the prison had adopted an "unwritten policy" of triple-

---

[*] The appellee was never served with process in the district court and is not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

celling—housing three prisoners in the same cell—in violation of the Eighth Amendment's protection against cruel and unusual punishment. McCree seeks to enjoin the practice. The district court screened McCree's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. For the reasons that follow, we affirm the district court's judgment.

McCree alleges the following: His prison housing unit comprises about 60 cells, each of which measures approximately 105 square feet of floor space. Each cell is designed to hold two prisoners. In McCree's housing block, however, the prison has outfitted 20 of the 60 cells to accommodate a third prisoner by adding a third, permanent bunk to these cells. This policy, McCree contends, violates the Eighth Amendment by imposing cruel and unusual conditions of confinement, leaving each inmate only 35 square feet of living space. Consequently, he says, each inmate in a three-inmate cell must sleep either with his head two feet from the uncovered cell toilet or, if oriented in the opposite direction, two feet from another prisoner's genitals.

In support, McCree cites a Bureau of Prisons program statement setting forth guidelines for the layout and size of prison cells and quotes several studies and articles for the proposition that prisoners should be afforded a minimum of 60 square feet of space. His complaint also alleges that prison overcrowding can exacerbate health and security problems in prisons, but does not allege any dangers or harms to which he was subject.

The district court reasoned that McCree's complaint amounted to an argument that the practice of triple-celling is per se unconstitutional because his complaint failed to satisfy either the objective or subjective elements of an Eighth Amendment claim. The court ruled that McCree had alleged no physical or mental harm as a result of the alleged prison conditions, and alleged nothing to connect the warden to the housing policy. The district court also faulted McCree for not alleging that he is housed in one of the overcrowded triple-occupancy cells, an omission that McCree cured with a filing in this court.

On appeal, McCree argues that his complaint adequately alleges a claim that the triple-celling policy violates the Eighth Amendment. To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though "specific facts are not necessary," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), a plaintiff must provide enough detail to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that the claim must be "'plausible on its face.'") (citation omitted). Substantively, a claim that Greenville's alleged triple-celling policy violates the Eighth Amendment must satisfy both the objective and subjective components of a deliberate-indifference claim. That is, McCree had to allege

how triple-celling produced conditions denying him "basic human needs" or "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that the warden inflicted those conditions deliberately or recklessly, *see Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

The leading Supreme Court case addressing prison overcrowding is *Rhodes v. Chapman*, which held that Ohio prison's practice of "double-celling" prisoners in 63-square-foot cells (or roughly 32 square feet per inmate) was not per se unconstitutional. 452 U.S. at 348-49. The court noted that prison life was often uncomfortable by necessity and that only deprivations denying prisoners "the minimal civilized measure of life's necessities," *id.* at 347, constitute violations of the Eighth Amendment. Only "extreme deprivations . . . make out a conditions-of-confinement claim," *Hudson v. McMillan*, 503 U.S. 1, 9 (1992); *see also Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996), because routine discomfort is "part of the penalty that [prisoners] pay for their offenses against society," *Rhodes*, 452 U.S. at 347.

McCree pleads little beyond the dimensions of the cell in asserting that triple-occupancy cells are cruel and unusual. The details that he does offer work against an inference that the conditions he experiences from triple-celling deny him life's minimal necessities. For example, McCree argues that each inmate has (on his rough math) about 35 square feet of space. But both the Supreme Court and this court have concluded that similar floor space limitations do not constitute per se violations in double-celling situations. *See Rhodes*, 452 U.S. at 348-49; *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985); *Smith v. Fairman*, 609 F.2d 122, 124, 126 (7th Cir. 1982). And the circuit courts that have considered triple-celling have similarly concluded that it does not amount to a per se violation. *See, e.g., Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993). Furthermore, McCree states that a prisoner must sleep either with his head just two feet away from an open toilet at the rear of the cell or, oriented in the opposite direction, two feet away from the genitals of another prisoner. But this is implausible. Both prisoners in McCree's example could sleep with their heads toward the front of the cell and away from the open toilet, and anyway prisoners are expected to sleep clothed, without exposed genitalia. In any event, prisoners in standard-occupancy cells must live in similar proximity to the open toilets. McCree's complaint also briefly mentions that unspecified health and safety concerns can arise from overcrowding, but alleges none that have affected him personally or even his prison generally. And the program statements from the Bureau of Prisons that McCree cites are alterable at will and therefore do not themselves create an enforceable entitlement. *See Robinson v. Sherrod*, No. 10-2147, 2011 WL 222254, at *2 (7th Cir. January 26, 2011). Thus McCree's allegations appear merely to revisit the already-rejected thesis that triple-celling, or 35 square feet per inmate, constitutes cruel and unusual confinement per se.

Also problematic is that McCree's complaint contains no allegations linking the warden personally (or anyone else) to any specific harm or danger to McCree; in fact, other than in the caption, the complaint does not mention the warden at all. *Bivens* suits do not support supervisory liability; plaintiffs must allege that official's personal involvement and culpable state of mind in inflicting harm. *See Iqbal*, 129 S. Ct. at 1949; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Del Raine v. Williford*, 32 F.3d 1024, 1038 (7th Cir. 1994). McCree alleges nothing regarding the warden's deliberate disregard of any injury or danger that McCree faces from triple-celling, or whether the warden even knows of the "unwritten policy" of triple-celling. Though knowledge and intent can be pleaded generally, *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *Bennett v. Schmidt*, 155 F.3d 516, 518 (7th Cir. 1998), they must nevertheless be pleaded. Thus McCree has not stated an Eighth Amendment *Bivens* claim against the warden.

McCree also argues that the district court wrongly dismissed with prejudice without allowing him to amend his complaint. But although a court should grant leave to amend when justice requires it, *see* FED R. CIV. P. 15(a)(2), McCree never sought leave to amend and has thus forfeited this argument. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 513 (7th Cir. 2009). In any event McCree's brief on appeal does not suggest any argument he might have made in an amended complaint; leave to amend is inappropriate when amendment would be futile. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

AFFIRMED.