In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1524

BRUCE MCCREE,

*Plaintiff-Appellant,*

*v.*

LIEUTENANT GRISSOM, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 10-575-MJR—**Michael J. Reagan**, *Judge*.

SUBMITTED AUGUST 31, 2011*—DECIDED SEPTEMBER 20, 2011

Before POSNER, ROVNER, and WOOD, *Circuit Judges*.

PER CURIAM. Bruce McCree, a federal inmate, appeals the district court's dismissal of his *Bivens* complaint, in which he alleged that several prison officers violated his

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

right of access to the courts. See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). McCree has not described any possible violation of his legal rights, however, and so we affirm the judgment of dismissal.

According to the allegations in McCree's complaint, which at this stage we must accept as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), the defendants provided him limited and deficient access to the law library for four months while he was confined in the prison's Special Housing Unit. McCree repeatedly asked to use the library but on most occasions his requests were denied. On the few occasions when he was allowed to use the library, he had difficulty conducting research because he did not know how to use the prison's new research system. The prison previously had provided Federal Reporters for inmates, McCree asserted, but in January 2010 it converted to a computerized system featuring LexisNexis.[1] No one instructed the inmates in Special Housing how to use the program, and so McCree had to learn from an instruction manual, which was often misplaced. Consequently, McCree alleged, he could not file responses in a separate lawsuit he had brought under 42 U.S.C. § 1983,

---

[1] The 2011 Admission and Orientation Handbook for the federal prison in Greenville, Illinois, where McCree is housed, confirms that it has an "Electronic Law Library." FED. CORR. INST. GREENVILLE, ADMISSION & ORIENTATION HANDBOOK, 45 (2011), http://www.bop.gov/locations/institutions/gre/GRE_fci_aohandbook.pdf.

and his failure to meet the filing deadlines led the district court to dismiss the suit. See *McCree v. Sherrod*, No. 09-cv-601, 2010 WL 850117 (S.D. Ill. Mar. 5, 2010). This court then compounded the error, in McCree's view, when we dismissed his appeal. (In fact, we dismissed his appeal because he did not pay the filing fee. *McCree v. Sherrod*, No. 10-1642 (7th Cir. May 26, 2010).) As proof of his injury, he pointed out that we granted his motion to recall the mandate and reinstated the appeal of his § 1983 suit. *McCree v. Sherrod*, No. 10-1642 (7th Cir. June 16, 2010) (reinstating appeal after McCree moved to proceed *in forma pauperis*). McCree interprets the recall of the mandate as a sign that his § 1983 suit had merit.

The district court in the present case dismissed McCree's *Bivens* complaint without prejudice at screening, see 28 U.S.C. § 1915A, because he did not allege an injury from the denial of access to legal materials. The court explained that McCree's § 1983 suit had been dismissed for failure to state a claim, not failure to file a response. And even though McCree had alleged denial of access to legal materials while in Special Housing, the court concluded that his successful motion to recall the mandate in his § 1983 appeal indicated that he did have access to the court.

On appeal McCree argues that he showed prejudice from the defendants' interference with his access to the library, insisting that he was unable to litigate adequately his § 1983 suit. But the record in that case, of which we may take judicial notice, see *Adkins v. VIM*

*Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011), belies his contention. While in special housing, McCree filed a notice of appeal, a motion to proceed *in forma pauperis*, a motion to reconsider the denial of that motion, and a motion to suspend the appeal. This activity illustrates that he had and used his access to the court. See *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (finding no deprivation of court access when defendant filed three motions to dismiss). And even if McCree's access was curtailed, we agree with the district court that he did not allege any resulting injury. We originally dismissed the appeal of his § 1983 suit because he did not pay the filing fee, but we granted his motion to recall the mandate when he moved to proceed *in forma pauperis*. *McCree v. Sherrod*, No. 10-1642 (7th Cir. June 16, 2010). McCree pursued his appeal; we concluded, however, that his complaint did not state a claim. *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011). Without a tenable argument to pursue in that suit, McCree cannot show actual prejudice resulting from the denial of access to the law library. See *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Pratt v. Tarr*, 464 F.3d 730, 732-33 (7th Cir. 2006). Because McCree's complaint fails to state a claim, the district court properly dismissed it, although the dismissal should have been with prejudice.

McCree also argues that the district court should have allowed him to amend his complaint before dismissing it. A court should grant leave to amend when justice requires it. FED. R. CIV. P. 15(a)(2). But McCree never

moved to amend, and moreover, any amendment to his complaint would be futile because of his earlier, unsuccessful § 1983 suit. See *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006).

Accordingly, we AFFIRM the judgment as MODIFIED to reflect that the judgment is with prejudice.