NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 1, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1799

| | |
|---|---|
| LOUIS-KENNY-REED: EL and QUEEN-AKEFE-MUZARI: EL, <br>     *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 7304 |
| PETE F. MAKOWIECKI, et al., <br>     *Defendants-Appellees*. | John W. Darrah, <br> *Judge*. |

**O R D E R**

The plaintiffs, Louis-Kenny-Reed: El and Queen-Akefe-Muzari: El, challenge the dismissal of their federal case contesting a state-court foreclosure judgment obtained by First Horizon Home Loans. We affirm.

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In their complaint, the plaintiffs alleged that the foreclosure was defective because First Horizon did not hold the original promissory note for their mortgage and, as a result, committed fraud by foreclosing on the property. They sued First Horizon, its CEO Pete Makowiecki, and its attorney Denis Pierce. Pierce moved to dismiss the complaint, and the district court granted that motion because the complaint lacked "a short and plain statement of the grounds for the court's jurisdiction" in violation of Rule 8(a)(1). On its own motion, the court dismissed the remaining claims for lack of subject-matter jurisdiction.

On appeal, the plaintiffs challenge the dismissal in scattershot fashion. Among other things, they accuse the district court of violating their "equal protection rights," reassert that the foreclosure was defective, and invoke 42 U.S.C. § 1983 without alleging any particular constitutional violation.

The defendants ask us to affirm on the basis of Rule 8(a)(1), but we need not address that ground because the *Rooker–Feldman* doctrine stripped the district court of jurisdiction. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). Whether we have jurisdiction under that doctrine, a question overlooked by the defendants, is a threshold matter that we may raise sua sponte. *See Lewis v. Anderson*, 308 F.3d 768, 771 (7th Cir. 2002); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). The doctrine bars federal review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This lawsuit, seeking review of a state-court foreclosure judgment, squarely fits that description. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 536 (7th Cir. 2004). The plaintiffs' cursory reference to § 1983 makes no difference: plaintiffs may not circumvent the *Rooker–Feldman* doctrine by recasting their suit in the form of a civil-rights action. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008); *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005).

The plaintiffs raise two additional concerns. First, they argue that the district court should have allowed them to amend their complaint before dismissing it. This argument is meritless; they never moved to amend, nor do they explain how amendment would have allowed them to cure the defects in their complaint. *See McCree v. Grissom*, No. 11-1524, 2011 WL 4375639, at *2 (7th Cir. Sept. 20, 2011). Second, they deny that they received notice of the motion to dismiss. But this denial is not borne out by the record. The district court alluded to the motion in scheduling a status hearing at which it announced its ruling in the presence of both plaintiffs, and neither raised any concern about lack of notice.

The judgment of the district court is MODIFIED to reflect that all claims are dismissed for lack of subject-matter jurisdiction, and as modified the judgment is AFFIRMED.