# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 12-8003

IN RE:

CHILDERIC MAXY,

*Petitioner*.

On Petition for Permission to File.

SUBMITTED JANUARY 24, 2012—DECIDED MARCH 15, 2012

Before POSNER, ROVNER, and SYKES, *Circuit Judges*.

PER CURIAM. Childeric Maxy, a prisoner from Wisconsin, is serving a 60-year sentence for attempted murder, burglary-battery, and bail jumping. He received a full round of collateral review by the federal courts, *Maxy v. Pollard*, No. 05 C 479 (W.D. Wis. May 2, 2006) (denying petition for a writ of habeas corpus), *Maxy v. Pollard*, No. 06-2571 (7th Cir. Sept. 16, 2006) (denying a certificate of appealability), and his first application under 28 U.S.C. § 2244(b) for permission to mount a second collateral attack was denied, *Maxy v. Thurmer*, No. 09-1282 (7th Cir. Feb. 24, 2009).

Now before the court are papers Maxy labels a motion, in which he informs us that he intends to file a second § 2244(b) application. Maxy explains that the application will be untimely because the prison limits his use of the copy machine, thereby delaying his ability to comply with the rules of this circuit. Maxy asks us to excuse the untimeliness of the forthcoming application and to order the prison to allow him expanded use of the copier. He does not, however, disclose the claims he wishes to bring in a second petition for a writ of habeas corpus or the documents he is unable to obtain.

When reviewing an application for authorization to file a second or successive collateral attack, the timeliness rules that govern the underlying collateral attack— § 2244(d) in the case of a petition for a writ of habeas corpus and § 2255(e) for motions to vacate (the corollary for federal prisoners)—generally apply. *Johnson v. Robert*, 431 F.3d 992 (7th Cir. 2005). But Maxy's request to forgive the untimeliness of his forthcoming application is premature. There is no possible way to apply the timeliness rules when we don't even know that the papers will be late; Maxy may propose a claim that relies on a new rule announced within one year of the papers, *see* § 2244(d)(1)(C), or he may be able to show a state-created impediment that was lifted within one year of filing, *see* § 2244(d)(1)(B). If, on the other hand, the papers are late and he requests equitable tolling, we have no way of knowing if the as-yet undetermined length of the delay will be reasonable given the constraints he alleges. An analysis of timeliness must wait for the papers to which the question applies.

Maxy also requests an order directing prison officials to allow him expanded use of a copy machine so that he can file an application that complies with the rules of this circuit court. Although the pleadings are vague regarding the specific documents he is having trouble producing, Circuit Rule 22.2(a) requires Maxy to submit copies of numerous legal documents from his prior cases, and Federal Rule of Appellate Procedure 21(d) requires him to file an original and three copies of the application. We understand this part of Maxy's pleadings as a request for relief against the prison's alleged infringement of his right of access to the courts.

Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance. *Bounds v. Smith*, 430 U.S. 817 (1977). The right of access, however, is not "an abstract freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prisons are obligated to assist or, put another way, may not impinge on a prisoner's efforts to pursue a legal claim attacking, as relevant here, his criminal judgment. *Casey*, 518 U.S. at 355. Maxy's papers adequately allege that the prison's limitation on his use of a copier is impeding his ability to pursue a claim against his conviction.

But to satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury. *Casey*, 518 U.S. at 353; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result."). That is, they

must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[E]ven in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim."); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied."); *Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997) (assuming that delay caused by the return to prisoner of his legal mail was an impediment to accessing the courts; no injury because papers were in fact accepted and addressed by the court in the underlying lawsuit). Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment: "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Harbury*, 536 U.S. at 414-15.

It is here that Maxy's claim fails. Although he adequately alleged that prison action is frustrating his attempt to file an application, he does not inform us of the underlying legal claims frustrated by the delay. And it is the underlying claims he intends to propose in the

application that will demonstrate whether he has a nonfrivolous, arguable claim for authorization. *Compare McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) ("McCree pursued his appeal [in an underlying § 1983 case]; we concluded, however, that his complaint did not state a claim. Without a tenable argument to pursue in that suit, McCree cannot show prejudice resulting from the denial of his access to the [prison] law library.") (citation to underlying decision omitted). Maxy's omission means that he has not alleged an actual injury from the prison rules limiting his use of the copy machine. Therefore, he does not state a claim for the denial of his right to access the courts and we deny his motion for an order instructing the prison to allow him greater access to a copier.

That Maxy fails to state an access claim does not close the door on his petition. We can grant discretionary relief from the requirements of circuit rules in appropriate cases. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. . . . [And we] have held that some procedural rules must give way because of the unique circumstances of incarceration.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *GCIU Emp'r Ret. Fund v. Chicago Trib. Co.*, 66 F.3d 862, 864 (7th Cir. 1995) ("[B]ecause of the importance of questions raised on appeal, the court [may] overlook alleged inadequacies in an appellant's appendix and consider the merits of an appeal."). *See also* Cir. R. 2 ("In the interest of expediting decision or for other good cause, the court may suspend the requirements of these

Circuit Rules."). We discuss what constitutes an appro-priate case for the exercise of discretion first in the context of Circuit Rule 22.2 and then Appellate Rule 21(d).

Circuit Rule 22.2 states,

> (a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 . . . must include the following information and attachments, in this order:
>
> . . .
>
> (4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.
>
> (5) Copies of all prior petitions or motions for collateral review.

Rule 22.2(e) concludes that "[a]n applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form." The document requirement covers the spectrum and, as demonstrated by this case, compliance is especially difficult for incarcerated applicants who are proceeding pro se. *See Casey*, 518 U.S. at 355 (acknowledging limita-tions incident to incarceration making litigation more difficult); *McNeil*, 508 U.S. at 113.

In 1996, when Circuit Rule 22.2 was written, legal documents from closed cases were not readily available to the courts. Once the decision in a case became final, the record was sent to an archive and not easily retrieved. One of the original purposes of subsections (a)(4) and (5)

was to force applicants, who presumably had readier access to the papers from their earlier cases, to provide the court with the information necessary to apply § 2244(b)(1), which prohibits the authorization of proposed claims that have previously been presented to a court.

Another goal of subsection (a)(5) is to assist in the determination of whether an applicant actually requires authorization to proceed on the action proposed by the application. The rules governing who must obtain pre-approval to proceed are intricate and confusing even for lawyers. And prisoners proceeding pro se and without any legal training may not understand the legal repercussion of an earlier decision. It is not unusual for a prisoner to believe he needs authorization when he does not. *See, e.g., Pavlovsky v. VanNatta*, 431 F.3d 1063 (7th Cir. 2005) (earlier collateral attack explicitly dismissed without prejudice despite its decision on the merits); *Shepeck v. United States*, 150 F.3d 800 (7th Cir. 1998) (earlier collateral attack was successful); *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998) (prior collateral attack challenged a different source of custody); *O'Connor v. United States*, 133 F.3d 548 (7th Cir. 1998) (earlier collateral attack was dismissed because the criminal case was still pending).

Since Rule 22.2 was adopted, technological advances have made accessing papers from earlier cases considerably easier. Electronic filing and storage of legal papers filed in the federal courts is now the norm and, thus, those papers are readily available to successor courts.

Thus, for example, we have independently obtained and reviewed the papers from Maxy's initial collateral attack and his first application. Therefore, we can say with certainty that he requires authorization to proceed on a habeas corpus petition attacking his 60-year sentence for attempted murder, burglary-battery, and bail jumping. Likewise, when we receive the forthcoming application, we will be able to compare it and his earlier pleadings to determine whether § 2244(b)(1) prohibits authorization.

Technological advances also take care of the requirement that individuals filing original actions in this court, like a § 2244(b) application, must file an original and three copies of their pleadings. Fed. R. App. P. 21(d). Before electronic filing was possible, the expense of making sufficient copies to make the record and for review by a panel of three judges rightfully fell to the litigants. Now, however, a single paper copy submitted by a pro se prisoner[1] may be scanned and distributed to the court at virtually no extra cost.

Under these circumstances, we are comfortable excusing Maxy from complying with Rule 22.2(a)(4) and (5) and Appellate Rule 21(d).

IT IS SO ORDERED.

---

[1] Circuit Rule 25(b) excuses unrepresented litigants from the electronic filing requirement.