NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2013[*]
Decided November 4, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1205

| | |
|---|---|
| NORRIS E. PEGUES, | On Appeal for the United States District |
| *Plaintiff-Appellant* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 12-c-17 |
| FRANCIS C. SPRINGOB, et al., | |
| *Defendants-Appellees*. | Patricia J. Gorence, |
| | *Magistrate Judge*. |

## O R D E R

Norris Pegues, a Wisconsin prisoner, appeals the dismissal of his civil rights
complaint alleging that Greenfield (Wisconsin) police and Milwaukee County officials

---

[*] After examining the briefs and record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED R. APP. P.
34(a)(2)(C).

violated his right to equal protection by bringing a forfeiture action against his car on account of his race, and that prison officials denied him access to the courts by preventing him from accessing legal materials and defending against the forfeiture. The district court concluded that Pegues's equal protection claim was time-barred and his denial-of-access claim was waived. We affirm the judgment of the district court.

Pegues was detained pending trial for at least three months in the Milwaukee County Jail, beginning October 7, 2005. As part of the investigation into his crimes, Greenfield police seized his car. On October 31 Pegues was notified of a pending action for forfeiture of his car. A default judgment was entered in that action on January 3, 2006.

Some six years later, on January 2, 2012, Pegues filed this action under 42 U.S.C. § 1983 against two sets of defendants. The first set included both Greenfield police officers who had arrested and investigated him for violations of Wisconsin's criminal code, Francis Springob and James Bruno; the Milwaukee County attorney who prosecuted the forfeiture action, Louis Elder; Milwaukee County; and the City of Greenfield. Pegues alleged that these defendants undertook the forfeiture action against his car because of his race, and his decision to defend himself against pending criminal charges. The second set of defendants included David Clarke, Jr., who, as Milwaukee County Sheriff, was responsible for the operation of the Milwaukee County Jail; and Milwaukee County. Pegues alleged that the Milwaukee County Jail's policy regarding its law library's privileges prevented him from investigating potential defenses to the forfeiture action or using a typewriter to type up any kind of response. This left him unable to respond, and led to the default judgment. Pegues believes that Clarke and the County were responsible for those jail policies.

District Judge Randa screened Pegues's complaint, *see* 28 U.S.C. § 1915A, and determined that Pegues stated both equal protection and fourth amendment claims.[1] The case was then transferred to Magistrate Judge Gorence, who proceeded with the parties' consent.

The defendants associated with Greenfield (Springob, Bruno, and the City of Greenfield) moved to dismiss Pegues's claims against them as time-barred. Pegues's

---

[1]     The court's reference to the Fourth Amendment is puzzling. The court apparently believed that Pegues's objections to the seizure of his vehicle related to the seizure itself. But Pegues consistently maintained that his objection concerned being unable to defend against the seizure——a claim for denial of access to the courts——and not for a Fourth Amendment violation.

claims, as part of a § 1983 action, are subject to Wisconsin's six-year statute of limitations for personal injuries. WIS. STAT. § 893.53 (2012); *Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). The magistrate judge granted the motion; she determined that Pegues's claims accrued on October 31, 2005, when Pegues was served in the forfeiture action. By the time Pegues brought suit in early 2012, the statute of limitations had thus expired.

The defendants associated with Milwaukee County (Clarke, Elder, and the County itself) then moved on the same basis to dismiss Pegues's claims against them.

Pegues responded with a motion of his own, arguing that the district court failed to consider his denial-of-access claim.

The magistrate judge construed Pegues's motion as one to reconsider and denied it, stating that any "Fifth Amendment claim" raised by Pegues was waived because he failed to raise it in response to the Greenfield defendants' motion to dismiss and, in any case, Pegues failed to state such a claim. The magistrate judge then granted the Milwaukee County defendants' motion to dismiss, again citing the six-year statute of limitations.

On appeal, Pegues first argues that the magistrate judge erred by not tolling the statute of limitations while he was incarcerated. But the applicable Wisconsin tolling rules do not toll statutes of limitation while a plaintiff is incarcerated. *See* WIS. STAT. § 893.16 (2012); *Maddox v. Berge*, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007). Since the statute of limitations was not tolled, Pegues's equal protection claim was time-barred. Because Pegues bases his equal protection claim on the alleged animus behind the very filing of the forfeiture complaint, the magistrate judge correctly determined that the claim accrued on October 31, 2005, when he had reason to know that his equal protection right had been violated. *See Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). The statute of limitations thus expired six years later on October 31, 2011, two months before Pegues filed this lawsuit.

Second, Pegues challenges the magistrate judge's conclusions that he waived his denial-of-access claim, and alternatively that he failed to state such a claim. He points to the various passages in his complaint that reference his inability to access the legal materials and typewriters necessary to communicate a defense in the forfeiture action to the court.

To state a valid access-to-the-courts claim, Pegues must minimally allege both that prison officials failed to help him prepare and file meaningful legal papers, and

that he lost a valid legal claim or defense because of the challenged conduct. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). The obligation of prison officials to help prisoners prepare and file legal papers is not literal, and may be satisfied by, for example, providing access to a law library. *See In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 623–24 (7th Cir. 2011). The complaint must contain some information connecting the alleged denial of access to legal materials and the unfavorable legal result complained of. *Ortiz*, 561 F.3d at 671; *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 899 (7th Cir. 2002).

At the outset, we note that we do not agree with the magistrate judge that Pegues waived this claim. In responding to the Greenfield defendants' motion to dismiss, Pegues repeated the allegations he made in his complaint, stating that the defendants restricted his ability to communicate a defense in the forfeiture action. This sufficed to put the defendants on notice that Pegues was pursing a denial-of-access claim.

We do not believe, however, that Pegues's complaint——when read together with other pleadings in the district court and his brief on appeal——sufficiently states a claim for denial of access to the courts. Read together, *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), Pegues's submissions charge prison officials with denying him access to legal materials at the jail, leaving him without an adequate opportunity to defend against the forfeiture action, and resulting in the default judgment entered against his car. Crucially, however, Pegues does not articulate any actual injury by specifying what defenses he might have been able to raise had he been able to access legal materials. Pegues must point to a concrete, nonfrivolous defense he might have raised but for his inability to access legal materials. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Marshall*, 445 F.3d at 968. Instead, Pegues asserts without elaboration that his inability to access the Milwaukee County Jail's law library and typewriters led to the judgment against him in the forfeiture action. Pegues's complaint does not suggest that the ultimate result in the forfeiture action would have been any different had he been able to respond; thus, Pegues has not alleged the actual injury required to state a denial-of-access claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Ortiz*, 561 F.3d at 671. Any error made by the district court with respect to Pegues's denial-of-access claim was thus harmless.

AFFIRMED.