**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ANTRONE CROCKETT**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTRONE CROCKETT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 52A05-1306-PL-304 |
| | ) | |
| CLAIR BARNES and MARK SEVIER, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Timothy P. Spahr, Judge
Cause No. 52C01-1112-PL-486

**April 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Antrone Crockett appeals the trial court's grant of summary judgment in favor of Clair Barnes and Mark Sevier ("the Defendants"). We affirm.

## Issue

The sole restated issue is whether Crockett's claim that the Defendants denied him access to the courts must fail as a matter of law.

## Facts

Crockett is an inmate at the Miami Correctional Facility ("the Facility"). Sevier is the superintendent of the Facility, and Barnes is in charge of the Facility's disciplinary and grievance processes. On June 4, 2010, Crockett filed a notice of appeal with this court, indicating that he was going to appeal the denial of his petition for post-conviction relief. The transcript of the post-conviction hearing was completed on September 8, 2010, thus giving Crockett until October 8, 2010, to file a brief with this court. However, on September 23, 2010, the transcript was seized by Facility guards because it was found in the possession of another inmate, Antwan Malone. Facility rules prohibited inmates from possessing another inmate's legal documents. Crockett claims that Malone is his cousin, that Malone is knowledgeable in legal matters, and that he had given Malone the transcript to look over in preparation for his appeal.

On October 4, 2010, Crockett wrote a letter to Barnes, requesting return of the transcript to him. The letter did not state when Crockett was due to file a brief with this court. Barnes wrote Crockett back that same day and informed him that she could not return the transcript to him until completion of the disciplinary appeals process. She also

told Crockett, however, that she could make a copy of the transcript for him, at a cost of ten cents per page. Crockett did not respond to Barnes's letter. On October 20, 2010, the transcript was returned to Crockett after the disciplinary proceedings related to it were complete. On November 3, 2010, Crockett filed with this court a motion for extension of time to file a brief or, in the alternative, to pursue a belated appeal. This court never directly ruled on the motion, but we dismissed Crockett's appeal with prejudice on February 9, 2011. Two days later, this court received copies of Crockett's brief, but they were not filed. Crockett subsequently filed a motion to reconsider dismissal of his appeal, which we denied. Crockett also attempted to file a petition to transfer, which was defective and thus never ruled upon by the Indiana Supreme Court. At all times during the attempted appeals process, Crockett was acting pro se.

Crockett, still acting pro se, sued the Defendants, claiming their actions had deprived him of access to this court and requesting $250,000 in damages. After the complaint cleared the prisoner litigation screening process, the Defendants moved for summary judgment. The trial court granted the motion, and Crockett now appeals.

**Analysis**

Summary judgment is proper when the moving party demonstrates that there is no genuine issue of material fact with respect to a particular claim or element of a claim. Woodruff v. Indiana Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012) (citing Ind. Trial Rule 56(C)), cert. denied. If this burden is satisfied, the non-moving party must come forward with properly designated evidence that affirmatively demonstrates the existence of a genuine issue of material fact. Id. "All evidence, and reasonable inferences

3

drawn from it, must be construed in favor of the non-moving party." Id. Our review of a grant of summary judgment is de novo. Schwartz v. Heeter, 994 N.E.2d 1102, 1105 (Ind. 2013). "Still, a trial court's judgment comes to this court 'clothed with a presumption of validity,' and '[t]he appellant bears the burden of proving that the trial court erred.'" Id. (quoting Rosi v. Bus. Furniture Corp., 615 N.E.2d 431, 434 (Ind. 1993)). We will reverse a grant of summary judgment if the law has been incorrectly applied to undisputed facts, but otherwise we will affirm upon any theory supported by the designated evidence. Woodruff, 964 N.E.2d at 790.

Incarcerated prisoners have a fundamental constitutional right of access to the courts that requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers. Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977). This right, among other things, prohibits state prison officials from actively interfering with inmates' attempts to prepare legal documents. Lewis v. Casey, 518 U.S. 343, 350, 116 S. Ct. 2174, 2179 (1996). In order to establish a claim of denial of access to the courts, a prisoner must prove he or she sustained actual injury because of the deprivation of access. Id. at 348-49, 116 S. Ct. at 2178-79.

"[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-15, 122 S. Ct. 2179, 2186 (2002). The right of access is ancillary to the underlying claim that is purported to have been lost, "without which a plaintiff cannot have suffered injury by being shut out of court." Id. at 415, 122 S. Ct. at 2186-87. The underlying lost cause of action, which must include a "nonfrivolous"

4

or "arguable" claim, is an element of a cause of action for deprivation of access to courts that must be described in a complaint along with whatever official action allegedly blocked access to the courts. Id., 122 S. Ct. at 2187. When a plaintiff alleges a denial of the right to access to courts, he or she must usually plead specific prejudice to state a claim, such as the missing of court deadlines, failure to make timely filings, or the dismissal of legitimate claims because of the denial of reasonable access to legal resources. Ortloff v. U.S., 335 F.3d 652, 656 (7th Cir. 2003), cert. denied. In any event, even if alleged prison action has blocked a prisoner's attempt to access the courts, there is no cause of action for denial of access if the prisoner does not provide any information regarding the underlying legal claims frustrated by the delay. In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012).

The State questions whether the Defendants actually denied Crockett access to this court. It notes that Crockett made no attempt to notify this court of a possible delay in filing his brief until nearly a month after the brief was due.[1] Even then, Crockett did not actually attempt to file a brief with this court until February 2011, approximately four months after it was due and after the transcript was returned to him. Crockett also failed to inform Barnes in his letter of October 4, 2010 requesting his transcript that he was facing an immediate appellate filing deadline. He also did not ask Barnes to make a copy of the transcript, as she had offered to do, and he makes no claim that it would have been prohibitively expensive for him to obtain the copy at his expense.

---

[1] Indiana Appellate Rule 35(A) generally requires motions for extension of time to be filed at least seven days before a filing deadline, if possible, and absolutely prohibits the filing of such a motion after the time for doing an act has expired. Although Crockett was incarcerated and acting pro se, pro se litigants—including incarcerated ones—are held to the same standard as trained counsel and must comply with procedural rules. See Daher v. Sevier, 954 N.E.2d 469, 472 (Ind. Ct. App. 2011).

We will assume for the sake of argument that the State improperly interfered with Crockett's ability to timely file an appeal with this court and that the appeal would not have been dismissed but for such interference. Still, a plaintiff pressing a claim of denial of access to the courts must establish actual injury caused by such denial. It is here that Crockett's cause of action must fail.

Crockett provided neither the trial court, nor this court in this appeal, with any information regarding the nature of the claims he intended to raise to challenge the denial of his petition for post-conviction relief. Crockett has only generically referred to his intent to appeal that denial. Without any allegations or argument by Crockett regarding the substance of his intended but lost appeal, there is no way to evaluate whether it was "nonfrivolous" or had any possible chance of success. Thus, Crockett failed to present any evidence that could create a genuine issue of material fact regarding whether he suffered any actual injury from the dismissal of his appeal. There being no such evidence on an essential element of Crockett's denial of access claim, the trial court properly granted summary judgment to the Defendants.

### Conclusion

The trial court properly granted the Defendants' motion for summary judgment. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.