**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015[*]
Decided January 23, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3410

| | |
|---|---|
| DENNIS MARKS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-cv-00612 |
| | |
| CITY OF WAUSAU, *et al.,* | William M. Conley, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Dennis Marks appeals the grant of summary judgment against him in this action under 42 U.S.C. § 1983 asserting denial of access to the courts in connection with his appeal of his traffic citations. We affirm.

In 2010 Marks was ticketed twice in Wisconsin for operating a vehicle after its registration had been suspended and twice for driving with a suspended license. At a later proceeding in municipal court, Marks agreed to plead no contest to two charges of

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

driving without a valid driver's license. A few days later, Marks requested a copy of the record of proceedings in order to appeal the municipal court's judgment. When the municipal court clerk tried to make a copy of the recording, however, she discovered that the recorder—a solid state recording device—had malfunctioned and that no recording existed. Marks appealed to the Marathon County Circuit Court, but failed to appear at a scheduled pretrial conference and a default judgment was entered against him.[1]

A week before the pretrial conference was to occur, Marks brought this suit in the Marathon County Circuit Court, alleging that the defendants (the City of Wausau, the municipal court judge who presided over the underlying case, the city attorney, and the municipal court's clerk) blocked his access to state courts and violated his due process rights. The case was removed to federal court, and the district court granted summary judgment for the defendants. The court understood Marks to be bringing an access-to-courts claim (based on the defendants' refusal to file court documents and otherwise enable him to appeal his municipal court convictions) but concluded that Marks suffered no prejudice because he had in fact been allowed to proceed with his appeal to the Marathon County Circuit Court. Default judgment was entered against him, the court observed, because he failed to appear at the scheduled pretrial conference. The court also rejected Marks's remaining state-law claims for "obvious lack of merit."

On appeal Marks generally challenges the grant of summary judgment against him and maintains that the defendants intentionally destroyed the municipal court's records to "cover up their treachery" and thereby deny him due process and access to the courts. But as the district court explained, Marks's claim fails because he has not shown how he was actually injured. To establish denial of access, a plaintiff must show that he suffered an actual injury because "official acts frustrated" his right to bring a "nonfrivolous" legal claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012). Marks did not show how the lost recording hindered his appeal; it was his failure to appear at the scheduled pretrial conference that led to the default judgment.

---

[1] In the district court Marks asserted that he did not receive notice of the conference because the notice was sent to an outdated address, but he does not press the matter on appeal.

We AFFIRM the district court's judgment and DENY Marks's request for an order "directing the district court to provide appellant with the complete document record from the Marathon County Court and the City of Wausau Municipal Court."