**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided June 18, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1147

| | |
|---|---|
| TIMOTHY JAY KAPRELIAN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-C-546 |
| JOHN BARRETT, *Defendant-Appellee.* | William C. Griesbach, *Chief Judge.* |

**O R D E R**

Timothy Kaprelian, a Wisconsin inmate, appeals the grant of summary judgment in this action under 42 U.S.C. § 1983 asserting that the clerk of a state court denied him access to the courts. He contends that the clerk failed to file his appeal of a dismissed civil-rights suit. Because that appeal was baseless, he suffered no constitutional injury, so we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Responding to a report of a possible crime in 2006, the police came to the home of Kaprelian and his former-girlfriend, who allowed a search of the house. They found evidence, including a videotape, that Kaprelian had sexually assaulted, battered, and imprisoned her. During a criminal trial, Kaprelian sought to suppress the results of the search. But a Wisconsin state court denied the motion, reasoning that the search was justified by consent and exigent circumstances. Kaprelian then pleaded no contest to charges of sexual assault and false imprisonment and received a 50-year sentence.

Kaprelian has twice sued under § 1983 to challenge the search of the house. The first time, he asserted in federal court that the police violated his constitutional rights by searching the house and seizing his videos without a search warrant. We held that, in the earlier criminal case, "[t]he state court's adverse ruling on Kaprelian's motion to suppress precludes him from relitigating the constitutionality of the seizure of his videos." *Kaprelian v. Bowers*, 460 Fed. Appx. 597, 600 (7th Cir. 2012). In the second suit, filed in Milwaukee County Circuit Court, Kaprelian alleged that the defendants in his first suit had submitted perjured affidavits to justify the search. After that suit was dismissed, Kaprelian attempted to mail a notice of appeal to the court clerk, John Barrett. Barrett says that he never received the notice. Kaprelian contends that Barrett refused to file it.

Barrett's alleged failure to file the notice of appeal is the basis for the current suit. Kaprelian argues that because Barrett refused to file the appeal, he denied Kaprelian access to the courts on his claim that perjured affidavits defeated his first suit challenging the search. After the district court allowed Barrett time for discovery, it granted summary judgment for Barrett, giving several reasons, including that Barrett never received the notice of appeal. But we need focus only on its last reason: The district court observed that the state criminal court had already upheld the legality of the search; thus Barrett's alleged failure to file the appeal of the second suit did not prejudice Kaprelian because "[h]e would have lost in any event."

On appeal, Kaprelian raises three issues, but none has merit. First he contends that the district court erred by crediting Barrett's assertion that he never received Kaprelian's notice of appeal. But even if Barrett did receive the notice of appeal, Kaprelian cannot prevail in this case if the unfiled appeal had no arguable merit. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). And it did not. A favorable outcome in that appeal was not possible because—like his first suit—it attacked the legality of the search, and—like the first suit—that attack was precluded by the state criminal court's ruling upholding the search, regardless of

the affidavits in the first suit. What's more, because we already ruled in the first suit that the state court's ruling precluded relitigation of the search's legality, Kaprelian is precluded from relitigating the issue of preclusion itself, again regardless of the affidavits. Thus because there was no possible merit to the second appeal, the district court properly granted summary judgment to Barrett. *See Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002); *In re Maxy*, 674 F.3d 658, 660–61 (7th Cir. 2012).

We quickly dispose of the next two issues. Kaprelian challenges the district court's refusal to grant him leave to appeal in forma pauperis. But he did not renew his motion in this court, as he could have, *see* FED. R. APP. P. 24(a)(5). Instead he paid the fee, thereby forfeiting his challenge to the district court's ruling. *See Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Kaprelian also argues that the district court should have sanctioned Barrett's attorney for untimely responses to his discovery requests. Kaprelian does not explain why it was unreasonable for the judge to credit the attorney's explanation that a secretary misfiled the requests and no harm occurred. Thus we find no abuse of discretion in the judge's choice to excuse the lapse. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

AFFIRMED.