NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017[*]
Decided March 8 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3792

| | |
|---|---|
| MATTHEW TYLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin |
| | |
| *v.* | No. 14-cv-68-jdp |
| | |
| STEPHANIE WICK, et al., | James D. Peterson, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Matthew Tyler, a Wisconsin civil detainee, appeals the grant of summary judgment to the defendants on his claim that they disposed of his property in violation of his right to due process and access to the courts. The district court reasoned that adequate post-deprivation remedies defeated his due process claim and he identified no legal claim that he lost because of the discarded property. We agree with the district court's reasoning and thus affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Because this appeal arises from a ruling at summary judgment, we review the evidence in the light most favorable to Tyler, the opposing party. *See Dunderdale v. United Airlines, Inc.*, 807 F.3d 849, 853 (7th Cir. 2015). Tyler describes two events. The first is the revocation of his extended supervision. Tyler served seven years in prison for sexually assaulting a child. Before his term of extended supervision began, the state civilly committed him as a sexually violent person and transferred him to the Sand Ridge Secure Treatment Center. While there, Center officials determined that Tyler violated facility rules by having sex with another resident. In response, a state court revoked his extended supervision. Tyler was then incarcerated in the Dodge Correctional Institution for four months after which he returned to Sand Ridge.

The second event is Tyler's lack of access to his property as he shuttled between these two facilities. When he left Sand Ridge, officers sent his belongings to a relative. Tyler's relative sent that property back to Sand Ridge when Tyler returned there, but officials allowed Tyler to keep only some items (clothing, footwear, and legal papers). Sand Ridge deemed the rest (electronics, other paperwork, and photographs) prohibited. After Tyler and Sand Ridge employees disagreed about what to do with the remaining items, the employees discarded them.

As relevant to this appeal, Tyler sued officials in state court for discarding his property. Defendants removed the suit to federal court and moved for summary judgment. After discovery limited to "immunity" issues, the district court granted the motions. The court explained that the claim about the discarded property failed, both under due-process and access-to-courts theories. Tyler suffered no violation of due process because, although he alleged that the defendants discarded his property in breach of the Center's rules, he had an adequate post-deprivation remedy under Wis. Stat. § 51.61(1)(v). (The court ruled, though, that Tyler could no longer bring an action under that law because he did not timely comply with its notice-of-claim requirement.) The defendants also did not deny him access to the courts, the court ruled, because Tyler did not identify any meritorious legal claim that he lost from not having those materials. Finally sovereign immunity barred any official-capacity claims.

In this court Tyler challenges the district court's dismissal of his claims regarding his discarded property. He repeats that the defendants denied him due process by disposing of his property. But because, as Tyler asserts, the defendants breached the Center's rules for handling his property, the availability of a post-deprivation remedy under Wis. Stat. § 51.61(1)(v) for their unauthorized disposal of his property provides adequate process. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tenny v. Blagojevich*,

659 F.3d 578, 583 (7th Cir. 2011). And that remedy was available to him, even if, as the district court decided, he failed to pursue that remedy properly. *See Stachowski v. Town of Cicero,* 425 F.3d 1075, 1078 (7th Cir. 2005). Tyler replies that the district court should have remanded to state court the question whether he complied with the notice-of-claim requirement of Wis. Stat. § 51.61. But the district court had supplemental jurisdiction to address whether he complied with the state law's notice requirements. 28 U.S.C. § 1367(a).

Tyler also argues, irrelevantly, that he sued defendants in their official capacities. He believes that they lack sovereign immunity because *Lapides v. Board of Regents of University System of Georgia* ruled that "a State's voluntary appearance in federal court amount[s] to a waiver of its Eleventh Amendment immunity." 535 U.S. 613, 619 (2002). But Tyler loses on the merits of his due-process claim, so his argument goes nowhere. And *Lapides* applies only to state-law claims for which the State has waived its immunity in state court. 535 U.S. at 617. But Wisconsin has not waived sovereign immunity for tort suits in state court. Wis. Stat. § 775.01.

Tyler next contends that by withholding his property the defendants denied him access to the courts. He argues that he could have better defended himself in his revocation hearing (where he had counsel) if he had his property. But any claim for damages that necessarily questions the validity of his revoked extended supervision is barred by *Heck v. Humphrey.* 512 U.S. 477, 486–87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Moreover Tyler does not explain what legal material he lacked but needed for his defense to the revocation proceeding. *In re Maxy*, 674 F.3d 658, 660–61 (7th Cir. 2012). Tyler replies that discarding his property prevented him from complying with the time limits of Wisconsin's notice-of-claim requirement for his state-law claim. But he has not submitted any evidence that his filing delay resulted from not having his belongings.

Tyler's last argument is that the district court erred by limiting discovery to "immunity" issues. This limitation was proper because the adequacy of his suit did not turn on any facts that broader discovery from the defendants might facilitate. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed."); *Delgado v. Jones*, 282 F.3d 511, 515–16 (7th Cir. 2002).

We have considered Tyler's remaining arguments, but none has any merit.

                                                                                    AFFIRMED.